UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD J. JACKSON, JR.,

       Plaintiff,

v.

WELLS FARGO BANK, NA,
BANK OF AMERICA, NA,
DYKEMA GOSSETT, PLLC,
LAURA BAUCUS, DEMETRIA
BRUE, STATE OF MICHIGAN,
COUNTY OF WAYNE, JOHN DOE
1-10, and JOSEPH H. HICKEY,

       Defendants.

_____/

Case No. 2:26-cv-10008
District Judge Robert J. White
Magistrate Judge Kimberly G. Altman

**<u>REPORT AND RECOMMENTATION</u>**
**<u>RECOMMENDING THAT DEFENDANTS' MOTIONS BE GRANTED</u>**
**<u>(ECF Nos. 6, 7)</u>[1]**
**<u>AND</u>**
**<u>PREFILING RESTRICTIONS BE IMPOSED ON PLAINTIFF</u>**

I.      Introduction

This is a civil case arising out of a mortgage and subsequent foreclosure

proceedings regarding property located on Huntington Road in Detroit, Michigan

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

1

(Property).  Plaintiff Harold Jackson, Jr., proceeding *pro se*, is suing the above captioned defendants making several claims.  (ECF No. 1).[2]  Full pretrial matters have been referred to the undersigned.  (ECF No. 14).

In lieu of an answer, defendant Wells Fargo Bank N.A. (Wells Fargo) filed a motion to remand.  (ECF No. 6).  Also in lieu of an answer, defendant Demetria Brue (Brue) filed a similar motion asking the Court not to exercise supplemental jurisdiction and seeking a remand.  (ECF No. 7).  Jackson filed motions to strike both motions.  (ECF Nos. 10, 11).  The undersigned denied the motions to strike and stayed proceedings pending the outcome of defendants' motions, permitting only the filing of responses and replies to defendants' motions.  (ECF No. 15).  Jackson has not filed proper responses to defendants' motions and the time for doing so has passed.[3]

---

[2] As will be more fully explained, Jackson has filed several cases in this district. involving the same Property at issue in this case.  One case, filed on the same day as this one, is against all the same defendants.  *See* Case No. 2:26-cv-10013.  That case has also been referred to the undersigned and is the subject of similar report and recommendation.

[3] The undersigned directed Jackson to file responses by April 16, 2026.  (ECF No. 15).  In lieu of filing proper responses, Jackson filed three papers, titled as follows: 1) "Notice of Recusal the Judge, Robert J. White, Under 28 USC Sec. 455 the Judge has a Conflict Because She Is Paid By the Federal Court Attacking Me Without an Injured Party, and She Is a Party to the Case" (ECF No. 16); 2) "Demand to Strike Judge Robert J. White Orders From the Court Record and Move the Case Over to a Different Federal Judge Lacks Jurisdiction Over a Dispute Filed by a Foreign Agent Not Registered with the Federal government, and Robert J. White is Now a Party to the Case" (ECF No. 17); and 3) "Demand for 3.5

For the reasons that follow, it is recommended that defendants' motions be GRANTED and the case REMANDED. Indeed, as will be explained, this is Jackson's third attempt to remove a state court eviction action and both prior times, the district court remanded the cases. Jackson's third attempt fares no better.

Further, given Jackson's frivolous litigation history regarding the Property, it is recommended that prefiling restrictions be imposed on him preventing him from filing a case in this district arising out of the Property without leave of Court.

II.     Background

A.     Overview

As set forth in detail in Wells Fargo's motion to remand, Jackson, as well as others, have filed multiple cases in state, federal, and bankruptcy court essentially seeking to avoid Wells Fargo's attempts at eviction. The lawsuits go back to 2018 following a 2016 foreclosure action. Although this background is not necessary to resolve defendants' motions, it is relevant to the undersigned's recommendation to impose prefiling restrictions on Jackson.

B.     The Property, Loan, Mortgage, and Foreclosure

---

Million in Sanction For Mortgage Fraud Pursuant to Rule 11 in Regards to 'Order Denying Plaintiff's Motion to Strike (ECF Nos. 10, 11) and Directing Plaintiff to File a Response to Defendants Motions (ECF Nos. 6, 7) and Staying Proceedings Until Pending Motions are Decided' " (ECF No. 18). The undersigned struck these filings because none of them are proper responses to defendants' motions and they were therefore filed in violation of the stay. (ECF No. 22).

On February 3, 2005, non-party Ernest P. Cornelius (Cornelius) accepted a loan in the original principal amount of $123,800.00 (the Loan). The Loan was secured by a Mortgage on the Property. The Mortgage was later assigned to Wells Fargo. On March 17, 2016, the Mortgage was foreclosed, and the Property was sold at a Sheriff's Sale. Wells Fargo purchased the Property at the Sheriff's Sale. After Cornelius failed to redeem the Property, title vested in Wells Fargo.

B.      Jackson's Attempts to Stop the Foreclosure

On November 29, 2021, Wells Fargo filed a summary proceeding action in the 36th District Court, seeking to secure possession of the Property and an eviction order, styled as: *Wells Fargo Bank, N.A., as indenture Wells Fargo for the Registered Holders of IMH Assets Corp., Collateralized Asset-Backed Bonds, Series 2005-3 v. Ernest P. Cornelius, and Any and All Occupants of 16781 Huntington Road, Detroit, MI 48219*, Case No. 21-356348-LT (the Eviction Action). The state court scheduled an eviction hearing for December 20, 2021.

Jackson appeared in the Eviction Action, claiming to have an interest in the Property. Then, three days before the eviction hearing, on December 17, 2021, Jackson filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code with the Court. *See In re Jackson*, Case No. 21-49742 (E.D. Mich. Bankr.) (Jackson's Bankruptcy I). As a result, the Eviction Action was stayed and administratively closed.

On March 24, 2022, Wells Fargo filed a motion in the Bankruptcy Court for relief from the automatic stay, arguing that it was the only party with any interest in the Property and Jackson's possessory interest was insufficient to make the Property part of the bankruptcy estate. After a hearing on April 20, 2022, the Bankruptcy Court granted Wells Fargo's motion for relief from the automatic stay. Wells Fargo then returned to state court and on April 28, 2022, filed a motion to reopen the eviction proceedings against Jackson.

Also on April 28, 2022, Jackson filed an appeal in this district of the Bankruptcy Court's order granting Wells Fargo relief from the stay. *See In re Jackson*, No. 22-10937 (E.D. Mich., Berg, J.) (Jackson's Bankruptcy Appeal I).

On May 13, 2022, Jackson filed a motion in the Bankruptcy Court seeking a stay pending the appeal to the district court. Wells Fargo responded to the motion to stay, essentially contending that a stay was not warranted because Jackson does not have a valid interest in the Property. The Bankruptcy Court granted Wells Fargo's motion for relief from stay, and allowed Wells Fargo to move forward with the Eviction Action, via an order issued on April 20, 2022. On June 16, 2022, the Bankruptcy Court entered an order closing Jackson's case due to his failure to file necessary documents with the court.

Wells Fargo then filed a motion to dismiss in the district court arguing that the dismissal of Jackson's bankruptcy case rendered his appeal moot. The

5

undersigned recommended the motion be granted. The district court adopted the recommendation and dismissed the case on October 13, 2022. *See* ECF No. 21 in Case No. 22-10937.

Wells Fargo's motion to re-open the Eviction Action was filed and scheduled for hearing on July 20, 2022. On July 18, 2022, two days before the hearing to reopen the Eviction Action, Jackson filed a second voluntary petition for relief this time under Chapter 13 of the Bankruptcy Code. *See In re Jackson*, Case No. 22-45561 (E.D. Mich. Bankr.) (Jackson Bankruptcy II). The Eviction Action was again stayed pending Jackson's Chapter 13 bankruptcy case. On January 12, 2023, the bankruptcy court dismissed Jackson's second bankruptcy for failure to comply with court orders.[4]

A pretrial hearing was scheduled in the Eviction Action on March 20, 2025. Jackson appeared at that hearing and told the state court that he resided at the Property and had filed his third bankruptcy case. *See In re Jackson*, Case No. 25-42744 (E.D. Mich. Bankr.) (Jackson Bankruptcy III). As such, the Eviction Action

---

[4] Although not related to Jackson's filings, other third parties also filed bankruptcy cases, which resulted in delays in the Eviction Action. Specifically, on April 21, 2023, third-party Ernest Cornelius (the original borrower) and Joseph Jones (unknown third-party) removed the Eviction Action to this district. *Wells Fargo v Jones, et al.*, 23-10938 (E.D. Mich. Hood, J.). On May 22, 2023, Wells Fargo filed a motion to remand for lack of subject matter jurisdiction. On March 31, 2024, the district court granted the motion to remand the Eviction Action back to the 36th District Court. *See* ECF No. 16 in Case No. 23-10938.

was administratively closed yet again.

On June 17, 2025, Bankruptcy Judge Hage granted Wells Fargo's Motion for Relief from Automatic Stay in the Jackson Bankruptcy III. *See* ECF No. 82 in Case No. 25-42744. Notably, in that order, Judge Hage found that Jackson's petition was part of a scheme to delay, hinder, or defraud and subject to sanctions. Jackson appealed the bankruptcy court's order to this court, where the case is currently pending. *See In re Jackson*, Case No. 25-11989 (E.D. Mich. Grey, J.) (Jackson Bankruptcy Appeal II).

Meanwhile, on June 4, 2025, Jackson filed another case in this district against Wells Fargo and others, ostensibly raising due process claims related to his Chapter 13 Bankruptcy case. *See Jackson v. Wells Fargo*, Case No. 25-11666 (E.D. Mich. Goldsmith, J.) (Jackson Civil Case I). All defendants filed motions to dismiss, which the assigned Magistrate Judge recommended be granted. The district court adopted the recommendation, over Jackson's objections, and dismissed the case. *See* ECF No. 33 in Case No. 25-11666.

Wells Fargo then returned to state court and filed another motion to reopen the Eviction Action, which was granted on August 6, 2025. On August 8, 2025, Jackson removed the Eviction Action to federal court based on federal question jurisdiction under 28 U.S.C. § 1331. *See Wells Fargo v. Jackson*, Case No. 25-12488 (E.D. Mich. White, J.) (Jackson Civil Case II). Wells Fargo filed a motion

to remand this case back to state court, and requested that the Court sanction Jackson for filing a frivolous notice of removal.  The district court granted the motion and remanded the case, and retained jurisdiction to imposed sanctions.  *See* ECF No. 11 in Case No. 25-1248.  The sanctions issue remains open.

The Eviction Action was then scheduled for a hearing on January 6, 2026. On January 5, 2026, Jackson filed the instant case (Jackson Civil Case III), seeking once again to remove the Eviction Action to this Court.  As noted above, on that same day, Jackson filed another case related to the Property.  *See Jackson v. Wells Fargo*, 26-10013 (E.D. Mich. White, J) (Jackson Civil Case IV).  That case has also been referred to the undersigned.  Wells Fargo has filed a motion to dismiss and a motion for permanent injunction in that case.  Those motions are the subject of a separate report and recommendation.

In sum, to date Jackson has filed three bankruptcy cases in this district: Jackson Bankruptcy I; Jackson Bankruptcy II; and Jackson Bankruptcy III.  He has also filed six additional cases in this district.  Jackson Bankruptcy Appeal I; Jackson Bankruptcy Appeal II; Jackson Civil Case I, Jackson Civil Case II, Jackson Civil Case III; and Jackson Civil Case IV.  All of these cases stem from Jackson's attempts to forestall the Eviction Action.

### III.    Discussion

#### A.    Motion to Remand

As noted above, Jackson has not filed proper responses to either motion, making them unopposed.  Although a failure to file a response could alone be grounds for granting the motion, the undersigned will address the merits of defendants' motions, given the undersigned's recommendation that prefiling restrictions be imposed on Jackson.  To that end, defendants make essentially the same arguments that the district court agreed with when remanding Jackson Civil Case I and Jackson Civil Case II: that this Court lacks subject matter jurisdiction.[5]

Section 1447(c) directs a district court to remand a case to state court if the district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing jurisdiction falls on the party seeking removal."  *Craighead v. Heckman*, No. 23-12252, 2023 WL 8828677, at *1 (E.D. Mich. Dec. 21, 2023) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)).

> Generally speaking, a case arises under federal law if the cause of action is created by federal law, that is, where federal law provides a right to relief.  *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (citations omitted); *see also American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) (holding that "[a] suit arises under the law that creates the cause of action"); *see also Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (observing that the " 'vast majority' of cases that come within [section 1331's] grant of jurisdiction are covered by Justice Holmes' statement [in *American Well Works*]").

---

[5] Wells Fargo also raises law of the case and timeliness arguments.  Because jurisdiction is plainly lacking, as the district court so found in Jackson Civil Case I and Jackson Civil Case II, the undersigned declines to address these issues.

9

*Partlow v. Person*, 798 F. Supp. 2d 878, 882-83 (E.D. Mich. 2011).

Here, the Notice of Removal filed by Jackson on January 5, 2026, states that he is removing the case based upon purported federal question jurisdiction based on claims he raises.  However, as was the case in Jackson Civil Case I and Jackson Civil Case II, no such jurisdiction exists.

Federal question jurisdiction under 28 U.S.C. § 1331 exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc v. Williams*, 482 U.S. 386, 392 (1987).  Consequently, "it is well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction.'"  *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007) (quoting *Merrell Dow Pharm Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

Wells Fargo's pending state court lawsuit is a straight forward eviction case, and does not include any claims arising under federal law.  A claim arises under federal law if (1) the cause of action is "created by federal law" or (2) if it is a state law claim which "implicate[s] significant federal issues."  *Hampton v. R.J. Corman Switching Co.*, 683 F.3d 708, 711 (6th Cir. 2012).  Wells Fargo's claim is based exclusively upon state law and does not implicate any significant federal issues.  Any affirmative defenses or purported counterclaim raised by Jackson are not considered in the context of a removal analysis.  *Chase Manhattan Mortgage*

*Corp.* 507 F.3d at 914-15.  Therefore, this case should be remanded.

### B.        Prefiling Restrictions

As an initial matter, defendants ask that Jackson be sanctioned for his conduct.  The undersigned declines to recommend monetary sanctions at this time.  Such sanctions have already been imposed in Jackson Civil Case II and that did not deter him.  That being said, given Jackson's documented history of filing frivolous lawsuits, set forth in detail above, the undersigned does recommend that prefiling restrictions be imposed on Jackson in this district.

Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct that impairs the Court's ability to carry out its functions.  *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998).  Under the All Writs Act, 28 U.S.C. § 1651(a), a district court may impose restrictions on a litigant who abuses the judicial process, so long as the restrictions are narrowly tailored and imposed with notice and an opportunity to be heard.  *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 940 (6th Cir. 2002); *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).  "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998).  Further, there is nothing wrong with an order that "restrains not only an individual litigant from repeatedly filing

11

an identical complaint, but that places limits on a reasonably defined category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases within that category." *Id.*

> To determine whether a permanent injunction is warranted, courts consider:
>
> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.,* does the litigant have an objective good faith expectation of prevailing?, (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.  Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.

*Kersh v. Borden Chem., a Div. of Borden, Inc*., 689 F. Supp. 1442, 1450 (E.D. Mich. 1988) (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).  In *Ortman*, *Feathers*, and *Tropf*, the Sixth Circuit affirmed that under the right circumstances prefiling restrictions may be assessed.  That being said, "the power of a district court to enjoin a litigant from proceeding in a state action . . . should be exercised sparingly." *Tropf*, 289 F.3d at 943 (quoting *Silcox v. United Trucking Serv., Inc.,* 687 F.2d 848, 850 (6th Cir. 1982)).

Here, as noted in detail above, Jackson has filed numerous cases in this district, both in the bankruptcy court and this court, all seeking to forestall the Eviction Action.  All of them lack substantive merit and demonstrate a clear pattern of vexatious litigation and abuse of the system.  All of them have required

the expenditure of unnecessary attorney effort and judicial resources.  It is unlikely that Jackson will be deterred from filing future cases with any sanction other than a prefiling restriction.  The undersigned therefore recommends that Wells Fargo's motion be granted and that future cases filed by Jackson be subject to prefiling review and that he be disallowed from filing any cases related to the Property without leave of court.

## VI.    Conclusion

For the reasons stated above, the undersigned RECOMMENDS that defendants' motions (ECF Nos. 6, 7) be GRANTED.  Furthermore, the undersigned RECOMMENDS that any future case filed by Jackson be subject to prefiling review and that he be disallowed from filing complaints that relate to the Property in any capacity without leave of court.

Dated: May 21, 2026  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the court determines that any objections are without merit, it may rule without awaiting the response.

15

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 21, 2026.

s/Dru Jennings
DRU JENNINGS
Case Manager