UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD J. JACKSON, JR.,

     Plaintiff,

v.

WELLS FARGO BANK, NA, et al.,

     Defendants.

Case No. 26-cv-10008

Honorable Robert J. White

---

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS, (2) ADOPTING THE REPORT AND RECOMMENDATION, (3) GRANTING DEFENDANTS' MOTIONS (ECF NOS. 6-7), (4) REMANDING THE CASE BACK TO STATE COURT, AND (5) IMPOSING PREFILING RESTRICTIONS ON PLAINTIFF**

---

This case arises from state-court eviction proceedings and Plaintiff's latest effort to remove the state eviction case to federal court on the basis of federal question jurisdiction. (ECF No. 1).  The Court referred the case to Magistrate Judge Kimberly G. Altman for all pretrial proceedings. (ECF No. 14).  At issue is (1) Defendant Wells Fargo Bank, NA's and Defendant Demetria Brue's motions seeking remand back to state court. (ECF Nos. 6-7).  Brue's motion also requested in relevant part that the Court "preclude Plaintiff from further attempts to remove the matter to federal court." (ECF No. 7, PageID.187).

Magistrate Judge Altman filed a report and recommendation on May 21, 2026, recommending granting Defendants' motions, remanding the case, and imposing prefiling restrictions for Plaintiff's history of filing frivolous lawsuits. (ECF No. 23). Plaintiff filed timely objections to the magistrate judge's report and recommendation. For the following reasons, the Court (1) overrules Plaintiff's objections to the report and recommendation, (2) adopts the report and recommendation, (3) grants Defendants' motions, (4) remands the case back to state court, and (5) requires Plaintiff to secure leave of court with respect to any future cases involving the subject property within this district.

## I.    Background

Since Plaintiff does not object to magistrate judge's factual summary, the Court finds the recitation of the underlying facts accurate, and it will adopt the magistrate judge's summary of the background facts as they appear in the report and recommendation. (ECF No. 23, PageID.296-303).

## II.    Legal Standards

The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to specify the part of the order, proposed findings,

recommendations, or report to which [the party] objects and to state the basis for the objection." *Pearce*, 893 F.3d at 346 (internal quotation marks omitted).  However, "when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error." *Ruggierlo, Velardo, Burke, Reizen & Fox, P.C. v. Lancaster*, No. 22-12010, 2023 U.S. Dist. LEXIS 160755, at \*3 (quotation omitted); *see also Howard v. Secretary of HHS*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.").

## III.   Analysis

Plaintiff makes three objections here, none of which relate to any specific portion of the magistrate's report and recommendation.  First, Plaintiff argues that Defendant Wells Fargo's counsel "is without authority to have standing in this case" because "they are not proper attorneys qualified to represent the Wells Fargo company" and "[t]hey also fail to have a License from Michigan to Practice Law in Michigan." (ECF No. 24, PageID.312-13).  But the Court's own review shows that Wells Fargo's counsel of record is both (1) an active member in good standing of the Michigan Bar and (2) admitted to practice within this district.  This objection is therefore meritless and overruled.

Plaintiff also objects on the basis that the magistrate judge's report and recommendation should be considered "null and void" because she failed to secure the parties' consent as required by Fed. R. Civ. P. 73. (ECF No. 24, PageID.314-15). But consent:

> only needs to be [obtained] when a magistrate judge would conduct all proceedings of a case under 28 U.S.C. § 636(c); the obligation to provide notice arises only "if a magistrate judge is designated to exercise civil jurisdiction under paragraph (1) of this subsection." *See also* Fed. R. Civ. P. 73 (providing that notice be given "when a magistrate judge has been designated to conduct civil actions or proceedings" under the rule implementing the consent jurisdiction rules of § 636(c)).  The rules regarding mandatory notice in consent proceedings, where the magistrate judge would do everything, are irrelevant when the magistrate judge acts under the separate authority conferred in § 636(b).  That section of the statute provides that district judges may refer pretrial matters to magistrate judges, and that parties may effectively appeal the magistrate judge's resolutions of those matters to the district judge.  Section 636(b) does not require the parties' consent, nor does it provide for any mechanism of offering or obtaining their consent. *See also* Fed. R. Civ. P. 72 (containing no rule related to offering or obtaining parties' consent).

*Sifuentes v. Christian Bros. Auto.*, No. 23-904, 2025 U.S. Dist. LEXIS 219135, at *2-3 (W.D. Mich. Nov. 6, 2025) (cleaned up).

Accordingly, the Court never needed consent from Plaintiff for the magistrate judge to do what she did here.  Plaintiff was never entitled to receive a consent form because the magistrate judge was designated under § 636(b), not § 636(c). (*See* ECF No. 14, PageID.227).  This objection is overruled.

4

Next, Plaintiff objects on the basis that "Wells Fargo['s] motion and objections against the Removal should be dismissed as well for not following Basic Procedural Due Process Violations to have standing [sic]."  Plaintiff specifically asserts that defense counsel (1) did not file a proper appearance before participating in this case and (2) improperly submitted unauthenticated hearsay and other "evidence" that should not have been considered. (ECF No. 24, PageID.313-14).

Regarding this first sub-issue, the magistrate judge already concluded in an earlier non-dispositive order that defense counsel in this case properly appeared by filing their respective motions on the docket. (ECF No. 15, PageID.230).  The Court fully agrees with the magistrate judge's analysis, and Plaintiff's objection concerning defense counsel's failure to file a proper appearance is overruled.

Further, Plaintiff's argument concerning deficiencies in Wells Fargo's evidence is difficult to follow, particularly where he does not identify any specific factual inaccuracies in Wells Fargo's motion, in the magistrate judge's report and recommendation, or elsewhere in the record.  In any event, Wells Fargo's motion to remand relied exclusively on prior court records of which the court can take judicial notice.[1]  And the Court, having reviewed the report and recommendation, as well as

---

[1] "While parties must normally submit admissible evidence to support the factual allegations in their case, sometimes a fact is so obvious that federal courts will allow a shortcut around these procedures.  This shortcut—judicial notice—is governed by Federal Rule of Evidence 201, which allows courts to 'judicially notice a fact that is

the underlying record of this case, concludes that the magistrate judge properly resolved Defendants' motions in their favor.   In sum, all Plaintiff's asserted objections are overruled as lacking merit.

And even if any of Plaintiff's objections are meritorious, parties cannot "raise at the district court stage new arguments or issues that were not presented" before the report and recommendation was issued. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).  Plaintiff here never responded to either of Defendants' motions seeking remand, so his objections are improper regardless of merit.  The objections are also improper to the extent they do not relate to any specific portion(s) of the magistrate judge's analysis. *See Pearce*, 893 F.3d at 346.

Lastly, Plaintiff had the opportunity to object to the magistrate judge's recommendation to impose prefiling requirements, but he never did so.  And the Court recently imposed such restrictions on Plaintiff in a related case where he similarly never responded to a defense motion for such relief or filed a timely objection concerning the issue. (*See* Docket No. 26-10013, ECF No. 18).

---

not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' Fed. R. Evid. 201(b)." *Abu-Joudeh v. Schneider*, 954 F.3d 842, 848 (6th Cir. 2020).  And courts may take judicial notice of court records, like those relied on by Defendant Wells Fargo here, that are publicly available. *See Lynch v. Leis*, 382 F.3d 642, 647 n. 5 (6th Cir. 2004).

## IV.    Conclusion

For the reasons given, IT IS ORDERED that Plaintiff's objections to the magistrate judge's report and recommendation are OVERRULED.

IT IS FURTHER ORDERED that Defendants' motions (ECF Nos. 6-7) are GRANTED.

IT IS FURTHER ORDERED that the instant case is remanded back to Michigan's 36th District Court without delay.

IT IS FURTHER ORDERED that Jackson is hereby required to seek leave of court before initiating any lawsuit in the United States District Court for the Eastern District of Michigan related to the property located at 16781 Huntington Road, Detroit, Michigan 48219.

Dated: June 11, 2026                          s/Robert J. White
                                              Robert J. White
                                              United States District Judge

7